## Case No. 14,765.

### UNITED STATES v. CERTAIN CIGARS, ETC.

[1 Woods, 306.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1873.

FORFEITURE — LOST MANIFEST — CARGO NOT UN-SHIPPED.

On the trial of a libel for the forfeiture of certain goods imported into the United States, because the vessel had no manifest of her cargo on board, it was shown that no part of the cargo had been unshipped after it was taken on board, and that a manifest had been delivered to the master by the consignors on the day the vessel cleared, but had been inadvertently lost by him before the ship sailed; *held*, that the case fell within the proviso of the 24th section of the act of March 2, 1799 (1 Stat. 646), and that the goods ought not to be condemned.

[Appeal from the district court of the United States for the district of Louisiana.]

J. R. Beckwith, U. S. Atty.

T. J. Semmes and E. C. Billings, for claimants.

WOODS, Circuit Judge. The 24th section of the act of March 2, 1799, entitled "An act to regulate the collection of duties on imports and tonnage" (1 Stat. 646), provides "that if any goods, wares and merchandise shall be imported or brought into the United States in any ship or vessel whatever, belonging in whole or in part to a citizen or citizens, inhabitant or inhabitants of the United States, from any foreign port or place, without having a manifest or manifests on board, * * * or which shall not be included or described therein, or shall not agree therewith. * * * all such merchandise not included in the manifest belonging or consigned to the master, mate, officers or crew of such ship or vessel, shall be forfeited; provided, always, if it shall be made to appear to the satisfaction of the collector, naval officer and surveyor, or to the major part of them, * * * or to the satisfaction of the court in which a trial shall be had concerning any such forfeiture, that no part of the cargo of such ship or vessel had been unshipped after it was taken on board, except such as shall have been particularly specified and accounted for in the report of the master, or other person having the charge or command of such ship or vessel, and that the manifests had been lost or mislaid without fraud or collusion, or that the same was or were defaced by accident, or incorrect by mistake, in every such case the forfeiture aforesaid shall not be incurred."

The libel in this case is filed for the forfeiture of certain cigars and brandy alleged to have been fraudulently imported into the United States from the island of Cuba, about the 25th of November, 1871, on a vessel called the Frank Atwood, said goods being consigned to the master, mate, officers and crew, and not being disclosed or included or described in any manifest of the cargo on board the said vessel, and because the said vessel had no manifest of her cargo aboard. The answer of claimants denies that the goods were consigned as in the libel alleged; denies they were fraudulently imported, but admits that at the time of the arrival of the vessel at the port of New Orleans, the Frank Atwood had no manifest on board, but avers that when she left Havana, from which port she sailed direct to New Orleans, she had a complete manifest of the cargo, with every feature that the law required; that no part of the cargo was unshipped after it had been taken on board, and that the manifest had been by the master lost or mislaid. This answer presents a perfect defense to the libel. Does the evidence sustain it? It is established that the Frank Atwood sailed from Havana direct to New Orleans, and that no part of the cargo was unshipped during the voyage. It further appears in evidence that a manifest of the entire cargo was made up in the office of Bances & Co., in Havana, and with all the ship's papers put in an envelope and handed to the captain, on the day the ship cleared, which was the 12th of November, and on the 13th she sailed. This testimony is uncontradicted, and I have been unable to find anything in the record to throw suspicion upon it.

It is claimed by the district attorney, however, that there is no evidence to show that the manifest was ever on board the schooner; that if it was lost by the captain before he sailed as there is some evidence tending to show, the defense is not made out. I do not so understand the law. It is an attempt at fraudulent importation that the law punishes. If the captain of the vessel, between the office of the consignors and his ship loses the manifest, and sails supposing it to be among the ship's papers, and the fact of such loss is made to appear, the cargo is protected by the statute. The loss of the manifest is made probable by the fact that under the circumstances of this case, there was nothing to be gained by sailing without one, or by destroying it after sailing. I think the claimants have brought themselves within the protection of the proviso of section 24, and that this libel must therefore be dismissed.